UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 21-cr-57-8 (PAM/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> v.  )  ORDER OF DETENTION <br>  ) <br> OMAR ALI OSMAN,  ) <br>  ) <br> Defendant.  ) | |

On December 17, 2021, this matter came before the Court for a hearing to determine whether Omar Ali Osman's pretrial release should be revoked pending trial. Mr. Osman appeared in custody and was represented by Kevin W. DeVore. The United States was represented by Assistant United States Attorney Angela Munoz. Because of the ongoing realities of the COVID-19 pandemic, Mr. Osman consented to holding the hearing via video teleconference rather than exercising his right to an in-person hearing.

At the hearing, the United States introduced one exhibit and presented testimony from United States Probation Officer Krystal Taylor regarding Mr. Osman's alleged violations of pretrial release. Mr. Omar presented testimony of Sherehan Hassan. After considering the Petition for Action On Conditions of Pretrial Release and related materials (Dkt. Nos. 155; 157), the exhibit introduced by the United States, and the testimony of the witnesses, the Court finds that there is clear and convincing evidence of pretrial release violations. Accordingly, the Court revokes Mr. Osman's pretrial release and he will be detained pending trial.

**FINDINGS OF FACT**

1. Mr. Osman is charged by indictment with a conspiracy to commit wire fraud and substantive wire fraud counts relating to his participation in a scheme to defraud the Medicaid program. The indictment alleges that Mr. Osman submitted fraudulent claims for reimbursement to the Medicaid program for interpretation services that he purportedly provided to Medicaid beneficiaries.

2. On March 17, 2021, Mr. Osman was arrested and made his initial appearance before Magistrate Judge Schultz. The Court imposed numerous conditions of pretrial release on Mr. Osman. The release conditions, as relevant to the allegations before the Court, include that Mr. Osman submit to supervision by and report for supervision to the U.S. Probation and Pretrial Services as directed and ensure your supervising officer has a means to reach you; and submit to testing for a prohibited substance if required by the supervising officer.

3. Between April 2021 and August 2021, Mr. Osman submitted several urine samples that were confirmed positive for cannabinoids, submitted one urine sample that was confirmed positive for marijuana, and failed to report for multiple drug tests. On August 25, 2021, the Court added a substance abuse assessment and treatment condition to his release conditions.

4. On November 16, 2021, Mr. Osman reported for a drug test and was alleged to have attempted to obstruct or tamper with the accuracy of the drug testing by using a manipulation device called a Whizzinator. Mr. Osman appeared before Magistrate Judge Leung on November 30, 2021 for a bond revocation and detention

hearing. Mr. Osman was released from custody and his pretrial conditions were modified to include participation in intensive outpatient substance abuse treatment with lodging at Park Avenue Center.

5. On December 10, 2021, United States Probation and Pretrial Services filed a Petition for Action on Conditions of Pretrial Release that Mr. Osman show cause why the Court should not revoke his pretrial release. The Petition alleged that Mr. Osman was unsuccessfully discharged from treatment at Park Avenue Center because he was absent without leave from December 4, 2021 to December 5, 2021. The Petition further alleged that Mr. Osman tried to bribe staff with $200 to keep quiet that he was absent without leave, and he accused another staff member of lying. Finally, the Petition alleged that since being discharged from treatment, Mr. Osman failed to contact Probation Officer Taylor.

6. Probation Officer Taylor provided testimony regarding Mr. Osman's historical use of marijuana and why Pretrial Services initially recommended that Mr. Osman's release conditions include substance abuse testing. Probation Officer Taylor provided additional testimony regarding the history of Mr. Osman's positive drug tests and his November 16, 2021 attempt to manipulate the results of a drug test. Probation Officer Taylor provided testimony regarding receiving a phone call from the Park Avenue Center staff reporting Mr. Osman's discharge from treatment, the reasons why he was discharged, and Mr. Osman's failure to report to her that he was unsuccessfully discharged.

**CONCLUSIONS OF LAW**

7. A person released pursuant to 18 U.S.C. § 3142 is subject to revocation upon violating conditions of pretrial release. 18 U.S.C. § 3148. The Court shall revoke and detain a defendant if, after a hearing, a judicial officer:

(1) finds that there is—

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; **and**

(2) finds that—

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; **or**

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

8. The Court concludes there is clear and convincing evidence that Mr. Osman violated two conditions of his pretrial release, including (1) submit to supervision by and report for supervision to the U.S. Probation and Pretrial Services as directed and ensure your supervising officer has a means to reach you; and (2) participate in intensive outpatient treatment with lodging at Park Avenue Center.

9. The Court further concludes, given Mr. Osman's repeated violations of pretrial release, that there is no condition or combination of conditions that will assure that Mr. Osman will not flee. Mr. Osman's record on supervision is poor. He

has a series of failed drug tests and failures to report for testing that began in April 0f 2021. When brought before Magistrate Judge Leung on November 30 he was given another chance and ordered by the Court to report to the Park Avenue Center for intensive inpatient therapy. Instead of availing himself of this opportunity, Mr. Osman reported to the Park Avenue Center only to inform staff that he would not enter the facility and offering staff a bribe in order to have his behavior kept secret. Although Mr. Osman "reported" to Park Avenue on December 2 and was not terminated from Park Avenue until December 6, the impression given by these dates, that he actually spent four days in treatment (itself a very short time) is misleading; Mr. Osman really never went inside Park Avenue at all.

10.   The Court bases its decision to revoke Mr. Osman's pretrial release and order him detained on his risk of flight. The Court makes no findings regarding the risk of harm to any other person or to the community.

## CONCLUSION

Based on the evidence and record, the Court revokes Mr. Osman's pretrial release and orders him detained pending trial.  For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.   The motion of the United States for revocation and detention is **GRANTED**;

2.   The Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:  December 20, 2021                     *s/   John F. Docherty*
                                              John F. Docherty
                                              United States Magistrate Judge